IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | Case No.: 19-42907-399 |
| | ) | Honorable Barry S. Schermer |
| **RUKHSANA HOSPITALITY, L.L.C.** | ) | Chapter 11 Proceeding |
| | ) | |
| Debtor. | ) | Hearing Date: June 4, 2019 |
| | ) | Hearing Time: 2:00 p.m. |
| | ) | Location:  Courtroom 5 North |
| | ) | |
| | ) | Spencer P. Desai, Esq. |
| | ) | Carmody MacDonald P.C. |
| | ) | 120 South Central Ave., Suite 1800 |
| | ) | St. Louis, Missouri 63105 |
| | ) | (314) 854-8600 |
| | ) | spd@carmodymacdonald.com |

**MOTION FOR ORDER (I) APPROVING BIDDING PROCEDURES;
(II) APPROVING BREAK-UP FEE; (III) AUTHORIZING AUCTION; AND (IV)
SETTING A HEARING ON THE APPROVAL OF THE SALE OF ASSETS**

COMES NOW Debtor, Rukhsana Hospitality, L.L.C. ("Debtor"), by and through counsel, and for its Motion for Order (I) Approving Bidding Procedures; (II) Authorizing Auction; and (III) Setting a Hearing on the Approval of the Sale of Assets (the "Procedures Motion"), states to the Court as follows:

1. On May 8, 2019 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code").

2. The Debtor continues to operate its business as a Debtor-In-Possession pursuant to 11 U.S.C. §1107 and §1108.  No committee of unsecured creditors has been appointed.

3. This Court has jurisdiction over this case under 28 U.S.C. § 1334 and this matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).  Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4.The primary asset of the bankruptcy estate is the hotel located at 11225 Lone Eagle Drive, Bridgeton, MO 63044 and the related personal property, all more particularly described in that certain Asset Purchase Agreement dated May 28, 2019 (the "APA").

5.The Debtor has entered into the APA with Forsyth Associates, LLC (the "Purchaser") for the sale of the aforementioned hotel property (the "Acquired Assets") for the sum of Four Million and 00/100 Dollars ($4,000,000.00), subject to adjustment, and the assumption of specified liabilities, if any.

6.The Debtor seeks approval of a "break-up fee" for Purchaser in the amount up to Twenty-Five Thousand and 00/100 Dollars ($25,000.00) (the "Break-up Fee") to compensate Purchaser for expenses and costs incurred by Purchaser in connection with conducting due diligence, negotiating and participating in the bidding process, as described in the APA, in the event the Purchaser is not the holder of the Successful Bid.

7.The Break-Up Fee is reasonable in amount and would fairly compensate Purchaser for the substantial time and effort it has invested and the risks it has assumed and for time and effort Purchaser will incur prior to the Sale Hearing in performing additional due diligence and negotiating with third parties.  The Debtor believes that Purchaser's agreement to purchase the Acquired Assets, as evidenced by the Agreement, is critical to arranging an orderly sale of the Acquired Assets and obtaining the highest realizable price.  If Purchaser had not committed its resources to the sale process, the Debtor may have been forced to resort to a less orderly process with higher costs and the risk of a smaller recovery for its estate.  Purchaser's offer also benefits the bankruptcy estate by creating a form of purchase agreement and by establishing the "floor" amount of the purchase price.

8. Pursuant to its duties under the Bankruptcy Code, the Debtor is obligated to obtain the highest and best offer for the sale of the Acquired Assets and, therefore, seeks to implement bidding procedures (the "Bid Procedures") to ensure that any rival parties seeking to bid on the Acquired Assets are properly qualified and will be able to complete the approval process for the sale of the Acquired Assets in the event they are the Successful Bidder[1], as defined hereinafter. The Bid Procedures are set forth in detail hereafter:

**Bid Procedures**

(a) Notice to Prospective Bidders. Debtor may provide notice to any other person who it believes may have an interest in acquiring the Acquired Assets ("Potential Bidders") (1) of the entry of the Order approving this Procedures Motion (the "Procedures Order"), and (2) that Debtor will accept from suitable third parties qualifying bids to acquire all of the Acquired Assets in accordance with the procedures set forth in the APA and the Procedures Order. Any bid or bids that seek to effect acquisition of all of the Acquired Assets by a party that has provided reasonable evidence of its ability to timely close the purchase of the Acquired Assets in accordance with the terms of its agreement of sale (and otherwise meets the criteria contained herein) shall be deemed a qualifying bid ("Qualifying Bid").

(b) Due Diligence. Any Potential Bidder, other than Purchaser, interested in participating in the acquisition of the Acquired Assets shall have until 5:00 p.m. (Prevailing Central Time) on June 24, 2019, to conduct any and all necessary due diligence. Potential Bidders wishing to conduct due diligence shall notify Debtor in writing of their intention and shall, within the reasonable discretion of Debtor, be granted access to any and all information concerning the Acquired Assets and the terms of the APA, upon the execution of a confidentiality agreement to be prepared by Debtor, if deemed necessary.

(c) Qualification of Potential Bidders. All Qualifying Bids must be submitted, prior to 5:00 p.m. (Prevailing Central Time) on June 28, 2019 (the "Bid Deadline"), to Debtor's Counsel, Spencer P. Desai, Carmody MacDonald P.C., 120 South Central, Suite 1800, Clayton, 63015, and must:

    (1) contain an offer to purchase the Acquired Assets, in a form that is materially similar to the APA, together with reasonable evidence of authority to perform the offer;

    (2) contain a purchase price at least equal to the sum of the Purchase Price plus a minimum of TWO HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS

---

[1] All capitalized terms shall be defined as set forth in the APA, if not otherwise defined herein.

($250,000.00), which must be payable in cash to the Debtor on or before the Closing Date established by the APA;

(3) not be subject to any contingencies, including, without limitation, any financing contingency (provided, however, that similar conditions precedent to Purchaser's obligation to perform as set forth in the APA are permissible);

(4) reflect all differences between the APA and such proposed agreement of sale in clean and red-line versions;

(5) be accompanied by an earnest money deposit in immediately available and good funds, in an amount equal to FORTY THOUSAND AND 00/100 DOLLARS ($40,000.00), deposited in a trust account at Carmody MacDonald PC until such time as a Closing has occurred;

(6) include contact information (name, business street address; business email address and business and any other daytime telephone numbers) for the authorized representative of the party making the bid;

(7) include information reasonably sufficient to confirm the bidder's financial wherewithal to close including, without limitation, certified financial statements for the most recently ended fiscal period, evidence of sources of equity or debt financing for payment of the purchase price, copies of commitment letters, or such other financial disclosures as may be available; and

(8) in the event the Potential Bidder is a registered entity, evidence of authorization and approval from the Potential Bidder's board of directors or other governing body for the bid and to participate in the sale.

(d) <u>Evaluation of Qualifications</u>. A Potential Bidder may modify its bid at any time prior to the Bid Deadline. At the close of the Bid Deadline, Debtor shall notify those Potential Bidders that are deemed to be Qualified Bidders and the terms of the initial bid to be presented at auction. Only those Potential Bidders deemed qualified (the "<u>Qualified Bidder(s)</u>") shall be allowed to participate in the sale auction. Purchaser shall be deemed a Qualified Bidder. The Debtor shall promptly provide Purchaser with a copy of all Qualifying Bids received by the Debtor.

(e) <u>No Qualified Bidders</u>. In the event there are no bids other than that of the Purchaser, Debtor shall seek Bankruptcy Court approval of the APA at the Sale Hearing.

(f) <u>Sale</u>. In the event that Debtor receives any Qualifying Bids, Debtor's Counsel shall conduct an auction (the "<u>Auction</u>") for all of the Acquired Assets on or before July 2, 2019, at a time and location in St. Louis, Missouri to be determined by the mutual consent of Potential Purchasers and Debtor. Due to the location of the Purchaser, Debtor and the Acquired Assets, Debtor may conduct the Auction via telephone and may use video, web or other media to assist with the Auction. All Qualifying Bidders shall receive notice of the

4

time and location of the Auction, as well as information concerning alternate forms of participation, within three (3) days prior to the Auction. All parties submitting Qualifying Bids, including Purchaser, shall be entitled to make higher and better bids at the Auction, and the Auction shall be conducted in accordance with the following:

(1)   Only those parties specifically identified as Qualified Bidders and only those representatives identified by the Qualified Bidders shall be entitled to attend and participate in the bidding process.

(2)   The initial bid price shall be equal to the highest Qualifying Bid submitted by a Qualified Bidder prior to the Bid Deadline.

(3)   Qualified Bidders may then submit, singularly or in conjunction with other Qualified Bidders, additional bids in aggregated increments of at least TEN THOUSAND AND 00/100 DOLLARS ($10,000.00), in net present value to the bankruptcy estate, and on such terms as may be ordered by the Bankruptcy Court.

(4)   Any rival bids must be on substantially the same terms and conditions as described in the APA, except as to purchase price, although non-cash forms of consideration may be considered by the Debtor if determined that there is sufficient information to evaluate the value of such non-cash bids.

(5)   The bidding process will be conducted openly, each Qualified Bidder will have full knowledge of the terms of all prior bids, and the bidding process will continue until such time as there is only one offer determined by Debtor to be the highest and best offer for the Acquired Assets (the "<u>Successful Bid</u>" and the party holding the Successful Bid, the "<u>Successful Bidder</u>").

(6)   In determining the Successful Bid, Debtor shall analyze and consider, without limitation, the amount and form of consideration being offered, the certainty and timing of closing, and any material modifications to the terms and conditions of the APA.

(7)   If a dispute arises at the Auction, the disputing party must file a written objection with this Bankruptcy Court prior to the expiration of the Objection Deadline and such objection shall be heard at the Sale Hearing.

(8)   Debtor, in its sole discretion, may adopt additional rules at the Auction that, in Debtor's business judgment, shall promote a more efficient and/or fair process to the extent such additional procedures are not materially inconsistent with the terms of the APA or the approved Bid Procedures.

(g)   <u>Adjustment of Price for Purchaser.</u>   In the event that Qualifying Bids are submitted and there is an Auction at which Purchaser shall become the Successful Bidder, then the Purchase Price to be paid at the Closing shall be increased by the amount that Purchaser bids in excess of the Purchase Price set forth in the APA in order to make the Successful Bid.

(h)     <u>Closing</u>.  Closing on the sale transaction shall occur in accordance with the documented terms of the Successful Bid.  If, however, the Successful Bidder fails or is unable to close in accordance with the Successful Bid, it will forfeit its earnest money deposit and the Debtor immediately shall petition this Court to approve the next highest bid submitted by a Qualified Bidder still interested in proceeding with the terms and conditions of its bid.

9.     Immediately following approval of this Procedures Motion, the Debtor intends to file a motion seeking approval of the sale of Acquired Assets pursuant to the terms of the APA, subject to a higher or better Successful Bid (the "<u>Sale Motion</u>").

10.     In contemplation of filing the Sale Motion and the sale of the Acquired Assets, Debtor seeks, by and through this Procedures Motion, the entry of an order (i) approving the competitive Bid Procedures described above; (ii) authorizing Debtor to conduct an auction for the sale of the Acquired Assets, on or before July 2, 2019, in St. Louis, Missouri at a time and location to be determined by agreement of Purchaser and Debtor, with the APA serving as the initial, "stalking-horse" bid and in accordance with the approved Bid Procedures; (iii) authorizing Debtor to accept the highest and/or best offer for the sale of the Acquired Assets at the conclusion of the Auction, pursuant to the Procedures Order and approved Bid Procedures; (iv) setting a hearing to be held (the "<u>Sale Hearing</u>") on or after July 2, 2019 (the "<u>Sale Hearing Date</u>"), at which (1) Debtor shall seek the approval of the results of the Auction, the terms of the Successful Bid and the sale of the Acquired Assets to, and the purchase of the Acquired Assets by, the Successful Bidder, together with any and all related relief and (2) any and all objections to the proposed sale and/or the Auction will be heard by the Bankruptcy Court; and (v) declaring that all objections to the Sale Motion and/or the conduct of the Auction must be filed with this Bankruptcy Court and served upon Debtor and Purchaser (or the Successful Bidder, if not Purchaser) on or before 5:00 p.m. (Prevailing Central Time) on June 28, 2019 (the "<u>Objection Deadline</u>").

11. To that end, Debtor seeks the approval of this Procedures Motion and entry of the Procedures Order at a hearing on June 4, 2019, at 2:00 p.m.

12. The Acquired Assets are subject to a lien in favor of Live Oak Bank. Notwithstanding anything in this Motion, Live Oak Bank reserves all rights granted a secured lender under 11 U.S.C. §363, however, Live Oak Bank has agreed to accept a minimum net payment of Four Million Dollars ($4,000,000.00) for release of its lien on the Acquired Assets.

WHEREFORE, Debtor prays that this Court make and enter its Order: (i) approving the Bid Procedures described hereinabove; (ii) authorizing the Debtor to conduct the auction of the Acquired Assets as described herein; (iii) setting a final hearing to approve the APA or the Successful Bid and a deadline within which to file any objection to the Sale Motion, the Break-up Fee, and/or the Auction on the dates set forth herein above; and (v) for such other and further relief as is just and proper.

Respectfully submitted,

CARMODY MacDONALD P.C.

By:  /s/ Spencer P. Desai
Spencer P. Desai, #39877
120 S. Central Avenue, Suite 1800
St. Louis, MO 63105
Telephone: (314) 854-8600
Facsimile: (314) 854-8660
spd@carmodymacdonald.com

*Counsel for Debtor*

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies on the 28th day of May, 2019, that a true and correct copy of the above and foregoing pleading was served by electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri which will send notification of such filing to the following registered parties in interest:

Office of the U.S. Trustee, USTPRegion13.SL.ECF@USDOJ.gov

Paul Randolph on behalf of U.S. Trustee Office of US Trustee
paul.a.randolph@usdoj.gov

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served via U.S. Mail, postage prepaid, this 28th day of May, 2019, to all creditors and parties in interest listed on the attached mailing matrix and:

Richard Beheler, Esq.
South Law P.C.
13160 Foster, Suite 100
Overland Park, KS 66213

/s/ *Spencer P. Desai*_____

8