IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| Rukhsana Hospitality, L.L.C., *Debtor* ) | Case No. 19-42907-399 |
| ) | |
| ) | Chapter: 11 |
| ) | |
| ) | |

## Conditional Objection to Sale of Assets

COMES NOW the undersigned attorney of SouthLaw, P.C., and on behalf of Live Oak Banking Company, ("Live Oak") a secured creditor of the above-captioned Debtor, and for its Conditional Objection to Sale of Assets states as follows:

1. Live Oak is the lender on the subject Property and related assets which is encumbered with a first and second deeds of trust the first of which is encumbered by debt in excess of $5,000,000.

2. Live Oak has consented to the sale subject to a number of conditions ("Live Oak Sale Conditions:): (1) it receives a *minimum* of $4,000,000 NET from the sale with no deductions of any kind including surcharges for fees and/or expenses[1]; (2) if there are overbids beyond the $4,000,000, it receives those overbids after deductions for any break-up fees due any stalking horse (if an ultimately unsuccessful bidder) or applicable brokerage fees; (3) the sale would be conducted by July 17, 2019 and closed and funded by July 12, 2019; (4) Live Oak shall be permitted to be a back-up bidder for $4,000,000 by virtue of credit bid in the event the stalking horse fails to close and there are no other bidders willing to pay a bid that would result in a $4,000,000 net payments to Live Oak and pay any other required fees including brokerage fees and close on such sale by July 19, 2019; (5) in the event Live Oak is the successful bidder it will have designation rights to direct the assumption and assignment in any contracts of the Debtor for thirty days following July 12, 2019 with Live Oak responsible for payment of any cure costs for

---

[1] Debtor has represented that the highest offer received was $4,000,000.00 cash plus payment of existing real property taxes.

File No. 220829
Case No: 19-42907-399

designated contracts; and (6) there will be no debt forgiveness resulting from the sale for either the Debtor or any guarantors on indebtedness owed by Debtor to Live Oak.  To underscore the last condition Live Oak required written acknowledgement of same.

3. This Court entered an Order Granting the Motion for Order (I) Approving Bidding Procedures; (II) Authorizing Auction; and (III) Setting a Hearing on Approval of the Sale of Assets.  The Court approved such Order recognizing that Live Oak retains its right to withhold consent to such sale for any reason.[2]

4. There are a number of guarantors of the indebtedness owed by Debtor to Live Oak.  To avoid risk and uncertainty that some or all of these guarantors might challenge collection on such guaranties in subsequent litigation Live Oak required Debtor to obtain written consents from each guarantor.  Of the seven guarantors, five of them have submitted written consents to the sale and acknowledgements that their liability on their guaranties is unaffected by the sale other than by the crediting of the sale's proceeds against the indebtedness owed by Debtor to Live Oak and resultant decrease in the liability on the respective guaranties.  Two of the guarantors, husband and wife Aijazul Haque and Mehrunissa Balouch, has refused to sign the written consents.

5. This Court has previously concluded that the consents of the guarantors is unnecessary and Live Oak's consent to the sale of the Property through the mechanism proposed by Debtor does not relieve the Debtor or any of its guarantors from the rights, obligations and duties each owes to Live Oak or the Small Business Administration ("SBA") on any indebtedness owed to Live Oak.  Notwithstanding, Live Oak required written consents as a matter of practice and due to the fact that many of the guarantors live in New Jersey and California.  Hold out guarantors Aijazul Haque and Mehrunissa Balouch reside in Missouri and are subject to the continued jurisdiction of this Court should disputes arise over the impact of this Court's orders.

---

[2] The sale is pursuant to Section 363 of the Code.  Since the sale will not be for more than the sum of Live Oak's liens Live Oak's consent to the sale is necessary.

File No. 220829
Case No: 19-42907-399

6.   Subject to the following recitations and acknowledgements in an Order approving the Sale, Live Oak consents to the sale:

- Live Oak's consent to the sale of the Property through the mechanism proposed by Debtor does not relieve the Debtor or any of its guarantors from the rights, obligations and duties each owes to Live Oak or the Small Business Administration ("SBA") on any indebtedness owed to Live Oak and they continue to be responsible for any deficiency remaining after application of the sale's proceeds to the indebtedness owed.

- The sale price for the Property is the result of an arms-length negotiation, there were no higher or better offers for the Property and in the Debtor's business judgment the sale's price is fair and reasonable.

- All guarantors have been notified of the sale and the hearing seeking approval of the sale. Five of the guarantors have consented in writing to the sale. While guarantors Aijazul Haque and Mehrunissa Balouch have not provided a written consent to the sale they have not otherwise filed any objection to it or appeared to contest it.

WHEREFORE, for the reasons stated, Live Oak requests relief consistent with its conditional objection.

SouthLaw, P.C.
/s/ Wendee Elliott-Clement
Wendee Elliott-Clement (MBE #50311; KS #20523)
Daniel A. West (MBE #48812; EDMO #98415; KSFd #70587)
13160 Foster, Suite 100
Overland Park, KS  66213
(913) 663-7600
(913) 663-7899 (Fax)
Wendee.Elliott-Clement@souhtlaw.com
Dan.West@southlaw.com
**ATTORNEYS FOR CREDITOR**

File No. 220829
Case No: 19-42907-399

**CERTIFICATE OF MAILING/SERVICE**

I certify that a true and correct copy of the foregoing document was filed electronically on July 16, 2019, with the United States Bankruptcy Court, and has been served on the parties in interest via email by the Court's CM/ECF System as list on the Court's Electronic Mail Notice List.

I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to the parties listed below on July 16, 2019.


Rukhsana Hospitality, L.L.C.
11225 Lone Eagle Drive
Bridgeton, MO 63044
**RESPONDENTS**


SouthLaw, P.C.
/s/ Wendee Elliott-Clement
Wendee Elliott-Clement (MBE #50311; KS #20523)
Daniel A. West (MBE #48812; EDMO #98415; KSFd #70587)
13160 Foster, Suite 100
Overland Park, KS  66213
(913) 663-7600
(913) 663-7899 (Fax)
Wendee.Elliott-Clement@souhtlaw.com
Dan.West@southlaw.com
**ATTORNEYS FOR CREDITOR**


File No. 220829
Case No: 19-42907-399